UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE TYCO INTERNATIONAL LTD., SECURITIES, DERIVATIVE AND "ERISA" LITIGATION | MDL Docket No. 02-1335-B<br><br>This Document Relates To: |
| STATE TREASURER OF THE STATE OF MICHIGAN, AS CUSTODIAN OF THE MICHIGAN PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM, STATE EMPLOYEES' RETIREMENT SYSTEM, MICHIGAN STATE POLICE RETIREMENT SYSTEM AND MICHIGAN JUDGES RETIREMENT SYSTEM, <br><br>Plaintiff,<br><br>v.<br><br>TYCO INTERNATIONAL LTD., et al.<br><br>Defendants. | Docket No. 08-CV-1340-PB |

## AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL AGAINST DEFENDANT FRANK E. WALSH, JR. AND BAR ORDER

Plaintiff the State Treasurer of the State of Michigan, as Custodian of the Michigan Public School Employees Retirement System, State Employees' Retirement System, Michigan State Police Retirement System and Michigan Judges Retirement System ("Plaintiff") and Defendant Frank E. Walsh, Jr. ("Walsh") (each of them a "Settling Party" and collectively, the "Settling Parties"), having represented to the Court that they have entered into a settlement agreement that resolves all issues between and among them in the Complaint, and for good cause shown, the Court ORDERS:

846825.1

1.	Pursuant to Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A): (a) defendants L. Dennis Kozlowski and Mark H. Swartz (collectively, the "Non-Settling Defendants"), and Tyco International Ltd., Covidien Ltd., and Tyco Electronics Ltd. (the "Previously-Settled Defendants," together with the Non-Settling Defendants the "Non-Released Parties"), and each of them, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against any Settling Party based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in this suit; and (b) except as provided in paragraph 6 of the accompanying Settlement Agreement and Release, each Settling Party is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution for any amount paid in connection with this action against any other person based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in the suit.

2.	Because there is no just reason for the delaying the entry of a final judgment with respect to the claims asserted by Plaintiff against Walsh, all claims asserted by Plaintiff against Walsh in the Complaint are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 54(b).  This action is not dismissed with respect to any claims against the Non-Settling Defendants.

3.	The Clerk is directed to enter this Agreed Order and Final Judgment of Dismissal against Defendant Frank E. Walsh, Jr. and Bar Order as a final judgment and send a copy of same to all counsel of record.

IT IS SO ORDERED.

Enter: <u>01</u>/<u>11</u>/2010

<u>  /s/ Paul Barbadoro         </u>
The Hon. Paul Barbadoro
United States District Judge

We ask for this:

<u>/s/ Michele L. Pahmer, Esq.              </u>
Laurence Greenwald, Esq.
Michele L. Pahmer, Esq.
STROOCK STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

*Counsel for Defendant Frank E. Walsh, Jr.*

<u>/s/ Frederic S. Fox, Esq.                </u>
Frederic S. Fox
Robert N. Kaplan
Hae Sung Nam
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022

*Counsel for Plaintiff*

cc:   Counsel of Record

3